UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT JONES,

    Plaintiff,

v.                                       Case No. 8:24-cv-2841-TPB-NHA

TAMERA BOUDREAU, et al,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

I recommend Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2) be denied, and that his Complaint (Doc. 1) be dismissed without prejudice, because the Court lacks jurisdiction over his lawsuit.

Plaintiff Robert Jones filed this action against Defendants Tamera Boudreau and Thomas Vastrick, alleging Defendants unlawfully took a $5,000 retainer and conspired to deprive him of his rights when they failed to represent him in a pending state court civil action. Compl. (Doc. 1). Plaintiff, who is not represented by a lawyer, seeks to bring this lawsuit without pre-paying the filing fee. Doc. 2.

## Background

Plaintiff alleges that on April 4, 2024, he consulted with Defendants, who are both attorneys, about representing him in a pending state-court case

involving a landlord-tenant dispute. Compl. (Doc. 1) at p. 2, 5. Although Plaintiff describes that meeting as a "free consultation," Plaintiff paid Defendants a $5,000 retainer. *Id.* Plaintiff alleges Defendant Boudreau initially informed him that she would decide whether to accept the case by April 11, but then repeatedly asked for additional time. *Id.* at pp. 2–4. On April 28. 2024, Defendant Boudreau e-mailed Plaintiff case law, but she never informed Plaintiff that she would represent him in the pending case. *Id.* at pp. 3–4. Plaintiff eventually asked Defendant Boudreau to return his retainer, but she failed to do so. *Id.* at pp. 4–5. Instead, Defendant Boudreau sent Plaintiff an invoice, and an agreement to pay the invoice on which Plaintiff claims she had forged his signature. *Id.* at pp. 5, 7. Plaintiff alleges Defendant Vastrick could and should have stopped Defendant Boudreau from forging his signature and withholding the retainer. *Id.* at p. 7.

Here, Plaintiff has filed a complaint alleging: (1) Defendant Boudreau committed civil theft when she failed to return his $5,000 retainer; (2) both Defendants violated 42 U.S.C. § 1985 (conspiracy to deprive Plaintiff of his Fourteenth Amendment rights); and (3) Defendant Vastrick violated 42 U.S.C. § 1986 (neglecting to prevent a violation of section 1985) by failing to stop the wrongs alleged in Count Two.

**Standard of Review/Applicable Law**

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id*. "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999)). First, district courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states; this is called diversity jurisdiction. 28 U.S.C. § 1332. Second, federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Critically, unless the party asserting jurisdiction proves otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## Analysis

In his complaint, Plaintiff states that this Court has subject matter jurisdiction to hear his case, because the case involves two federal statutes— 42 U.S.C. § 1985 and 42 U.S.C. § 1986. Compl. (Doc. 1), p. 1. As pleaded,

4

however, none of these counts states a viable cause of action against the Defendants.

First, in his 42 U.S.C. § 1985 claim (Count Two), Plaintiff asserts that Defendants engaged in a conspiracy to deprive him of his right to redress his injury through a state court civil lawsuit. Compl. (Doc. 1) at p. 6. It is unclear to the Court whether Plaintiff intended to bring this claim under 42 U.S.C. § 1985(2), which concerns conspiracies involving court proceedings, or 42 U.S.C. § 1985(3), which involves conspiracies to deprive "any person or class of persons of the equal protection of the laws."

To the extent Plaintiff instead intended to bring a claim under Section 1985(2), the Section covers conspiracies related to "court[s] of the United States." As defined in Title 28 U.S.C. § 451, the phrase "court of the United States" in § 1985(2) means only certain federal courts, not state courts. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1035 n.2 (11th Cir. 2000). Plaintiff alleges no interference with any federal court proceeding. Compl. (Doc. 1) at p. 2. Thus, any claim under Section 1985(2) fails.

If Plaintiff instead intended to state a cause of action for conspiracy under Section 1985(3), he was required to allege (1) "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action," *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), and (2) that the conspiracy "aimed at interfering with rights" that are "protected

5

against private, as well as official, encroachment," *Carpenters v. Scott*, 463 U.S. 825, 833 (1983). *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–268 (1993). But Plaintiff alleges no racial or class-based animus. Moreover, Plaintiff alleges a violation of his rights under the Fourteenth Amendment to the United States Constitution. As the Supreme Court noted in *Bray*, "[a] § 1985(3) private conspiracy 'for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,' requires an intent to deprive persons of a right guaranteed against *private* impairment." *Bray*, 506 U.S. at 274 (citing *Carpenters*, 463 U.S. at 833) (emphasis added). But the Fourteenth Amendment prohibits wrongs committed by the state or on behalf of the state by its agents (i.e., *public* entities). *United States v. Price*, 383 U.S. 787, 794 n. 7 (1966). In other words, Plaintiff's constitutional right under the Fourteenth Amendment is not a guaranty against private impairment. Plaintiff cannot state a cause of action for violation of § 1985(3) on these facts. Accordingly, Count Two is not viable, and cannot serve as a basis for this Court's jurisdiction.

In Count Three, Plaintiff alleges a violation of 42 U.S.C. § 1986, which provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing

the commission of the same, neglects or refuses so to do." A Section 1986 claim "requires the existence of a Section 1985 conspiracy." *Park v. City of Atlanta*, 120 F.3d 1157, 1160 (11th Cir. 1997). Here, as shown, no such conspiracy under Section 1985 is pleaded by Plaintiff. As such, the derivative count under Section 1986 cannot stand.

The sole remaining count, Count One, is for a state law cause of action, which, absent diversity of citizenship of the parties, is not an action within the jurisdiction of this court. As Plaintiff has not pleaded that Defendants are citizens of another state, nor that the amount in controversy exceeds $75,000, he has not demonstrated that the claim falls within the Court's diversity jurisdiction. See 28 U.S.C. § 1332. It must be brought, if at all, in state court.

## Conclusion

Accordingly, I respectfully **RECOMMEND**:

(1) Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED without prejudice (meaning that Plaintiff may try again);

(2) Plaintiff's complaint be dismissed without prejudice for failure to demonstrate that this Court has jurisdiction over the lawsuit;

(3) Plaintiff be afforded the opportunity to file an amended complaint and an amended motion to proceed in forma pauperis within 30 days;

(4) At the close of the 30-day period, if Plaintiff has failed to file the

amended documents, Plaintiff's case be dismissed with prejudice, which means that Plaintiff would not be allowed to re-open or re-file this lawsuit.

SUBMITTED for consideration on December 31, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.